# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANCES BORICCHIO,** | **CASE NO. 1:14-CV-818 AWI SMS** |
| **Plaintiff** | |
| **v.** | **ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| **CHICKEN RANCH CASINO, et al.,** | |
| **Defendants** | **(Doc. No. 13)** |

---

| | |
|---|---|
| **DARCY FOSTER,** | **CASE NO. 1:14-CV-819 AWI SMS** |
| **Plaintiff** | |
| **v.** | **ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| **CHICKEN RANCH CASINO, et al.,** | |
| **Defendants** | **(Doc. No. 12)** |

---

| | |
|---|---|
| **CORENA L. RAYMOND,** | **CASE NO. 1:14-CV-820 AWI SMS** |
| **Plaintiff** | |
| **v.** | **ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| **CHICKEN RANCH CASINO, et al.,** | |
| **Defendants** | **(Doc. No. 13)** |

---

| | |
|---|---|
| **ROBERT H. WATTS,** | **CASE NO. 1:14-CV-821 AWI SMS** |
| **Plaintiff** | |
| | **ORDER ON DEFENDANTS' MOTION** |
| v. | **TO DISMISS** |
| **CHICKEN RANCH CASINO, et al.,** | **(Doc. No. 12)** |
| **Defendants** | |

| | |
|---|---|
| **CYNTHIA L. NAPOLI,** | **CASE NO. 1:14-CV-822 AWI SMS** |
| **Plaintiff** | |
| | **ORDER ON DEFENDANTS' MOTION** |
| v. | **TO DISMISS** |
| **CHICKEN RANCH CASINO, et al.,** | **(Doc. No. 13)** |
| **Defendants** | |

These separate but related cases involve an employment discrimination dispute between Plaintiffs and their former employer, the Defendant Chicken Ranch Casino ("Casino"). The active complaint in each case is a First Amended Complaint. In each complaint, Plaintiffs allege three causes of action for violation of 29 U.S.C. § 621 *et seq.* (Age Discrimination in Employment Act ("ADEA")) against the Casino and the Chicken Ranch Rancheria of Me-Wuk Indians of California ("the Tribe"), Lloyd Mathiesen ("Mathiesen"), and James Smith ("Smith") (collectively "Defendants"). Defendants now move to dismiss each complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, and alternatively under Rule 12(b)(6) for failure to state a claim. For the reasons that follow, Defendants' Rule 12(b)(1) motion will be granted.

## **BACKGROUND**

Each Plaintiff was employed at the Casino, but none of the Plaintiffs are members of the Tribe. Each Plaintiff is over the age of 50.

On January 18, 2013, Defendants terminated the employment of Plaintiffs Darcy Foster

and Robert Watts.  Foster held the position of Floor Manager, and Watts held the position of Bingo Manager.  On April 15, 2013, Defendants terminated the employment of Cynthia Napoli, who held the position of Human Resources Manager.  On May 17, 2013, Defendants terminated the employment of Plaintiff Corena Raymond, who held the position of Chief Financial Officer. On May 20, 2013, Defendants constructively terminated the employment of Francis Boricchio, who held the position of Accountant II.  Each of the Plaintiffs were replaced by younger less qualified employees.

Mathiesen implemented discriminatory adverse employment actions against the Plaintiffs. Sometime around April 2013, a Casino employee overheard Mathiesen tell Smith, "Just like I told you James, out with the old and in with the young."  Mathiesen also referred to employees as "old fucks."  A few days later, Smith was heard congratulating the newly promoted Casino Floor Manager.  Smith exclaimed, "Out with the old, in with the young!"  The new Floor Manager was 28 years old and had replaced Plaintiff Darcy Foster, who was 61.

Mathiesen and Smith later terminated several other employees who were over the age of 50, and replaced those employees with younger less qualified employees.

The Tribe is recognized by the U.S. Department of the Interior and is located in Tuolumne County, California.  See Ralston Dec. ¶ 3.  The Tribe conducts gaming on its Reservation trust lands under the name "Chicken Ranch Casino."  Id. at ¶ 6.  The Tribe conducts gaming at the Casino pursuant to a Tribal-State Compact between California and the Tribe, and pursuant to the requirements of 25 U.S.C. § 2701 et seq.  Id. at ¶ 13.  The Casino is wholly owned and operated by the Tribe, and the Casino is not chartered as a corporation under 25 U.S.C. § 477.  Id.   The Tribe doing business as the Casino can only act through its authorized agents and officers.  Id. at ¶ 7.  During the relevant time period, Mathiesen was the Tribal Office Chairman of the Tribe, and he was acting within the course and scope of his employment as the Tribal Chairman in the exercise of the authority delegated to him by the Tribal Council and the Tribal Constitution.  Id. at ¶¶ 8, 9.[1] During the relevant time period, Smith was appointed by the Tribal Council as the acting General Manager of the Casino.  Id. at ¶ 10.  As the General Manager of the Casino, Smith was delegated

---

[1] Each of the FAC's also allege that Mathiesen had authority and control over the employment decisions of the Tribe.

authority to manage and operate the Casino, including hiring and firing employees.  Id. at ¶ 11.
Smith acted within the course and scope of his employment as the General Manager of the Casino
in exercise of the management authority delegated to him by the Tribal Council.  Id. at ¶ 12.

### RULE 12(b)(1) FRAMEWORK

Federal Rules of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of
subject matter jurisdiction.  See Fed. R. Civ. Pro. 12(b)(1).  It is a fundamental precept that federal
courts are courts of limited jurisdiction.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365,
374 (1978); K2 Am. Corp. v. Roland Oil & Gas, 653 F.3d 1024, 1027 (9th Cir. 2011).  Limits
upon federal jurisdiction must not be disregarded or evaded.  Owen Equip., 437 U.S. 365, 374
(1978); Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984).  "It is presumed that a cause lies outside
this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting
jurisdiction."  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); K2 Am., 653 F.3d
at 1027.  Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the
allegations in the complaint, or factual, where the court is permitted to look beyond the complaint
to extrinsic evidence.[2]  See Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014); Safe Air For
Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  When a defendant makes a factual
challenge "by presenting affidavits or other evidence properly brought before the court, the party
opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of
establishing subject matter jurisdiction."  Safe Air, 373 F.3d at 1039; see Leite, 749 F.3d at 1121.
The court need not presume the truthfulness of the plaintiff's allegations under a factual attack.
Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011); Safe Air, 373 F.3d at 1039.
The plaintiff must show by a preponderance of the evidence each requirement for subject-matter
jurisdiction, and as long as the dispute is not intertwined with an element of the plaintiff's causes
of action, the court may resolve any factual disputes itself.  See Leite, 749 F.3d at 1121 & n.3;
Safe Air, 373 F.3d at 1039-40.

---

[2] Defendants have submitted, and the Court has considered, extrinsic affidavits.  Thus, Defendants are mounting a
"factual attack" to subject matter jurisdiction.  See Leite, 749 F.3d at 1121.

**DEFENDANTS' MOTION**

*Defendants' Argument*

Defendants argue *inter alia* that dismissal should be granted because they are entitled to tribal sovereign immunity.  The Tribe is a federally recognized tribe, which entitles it to immunity.  The Casino is an arm of the Tribe and thus, is entitled to sovereign immunity.  Mathiesen and Smith were acting on behalf of the Tribe at the Casino in conducting activities within the scope of their authority.  Thus, they also are entitled to immunity.  The ADEA does not waive tribal sovereign immunity, and none of the Defendants have consented to this litigation.

*Plaintiff's Opposition*

Plaintiffs argue *inter alia* that the Defendants have waived sovereign immunity with respect to employment discrimination matters because they acceded to federal law.  By acceding to "federal law," the Defendants have declared themselves subject to federal discrimination laws and suits thereunder.  There is nothing in any employment related documents that state the ADEA is inapplicable to Defendants, or that Plaintiffs would be in any way foreclosed from seeking relief in federal court.  In any event, the ADEA is a statute of general applicability, and the recognized exceptions to general applicability do not apply in this case.  Therefore, the ADEA applies to Defendants and dismissal is improper.

*Legal Standard*

"Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers."  Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978); M.J. v. United States, 721 F.3d 1079, 1084 (9th Cir. 2013).  This tribal immunity extends to tribal governing bodies and to tribal agencies or entities which act as an arm of the tribe.  See Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 724 (9th Cir. 2008); Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir. 2006).  Tribal immunity also extends to tribal officials when acting in their official capacity and within the scope of their authority, as well as tribal employees acting in their official capacity and within the scope of their authority.  See Cook, 548 F.3d at 727 (tribal employees); Linneen v. Gila River Indian Cmty., 276 F.3d 489, 492 (9th Cir. 2002) (tribal officials).  Tribal immunity applies to the tribe's commercial and governmental

5

1    activities.  Miller v. Wright, 705 F.3d 919, 923-924 (9th Cir. 2013).  "The immunity . . . extends to

2    suits for declaratory and injunctive relief," and "is not defeated by an allegation that [the tribe]

3    acted beyond its powers."  Imperial Granite Co. v. Pala Band of Mission Indians, 940 F.2d 1269,

4    1271 (9th Cir. 1991).  "Suits against Indian tribes are … barred by sovereign immunity absent a

5    clear waiver by the tribe or congressional abrogation."  Oklahoma Tax Comm'n v. Citizen Band

6    Potawatomi Indian Tribe, 498 U.S. 505, 509 (1991); Pit River Home & Agric. Coop. Ass'n v.

7    United States, 30 F.3d 1088, 1100 (9th Cir. 1994).  "There is a strong presumption against waiver

8    of tribal sovereign immunity."  Demontiney v. United States, 255 F.3d 801, 811 (9th Cir. 2001).

9    Waiver of sovereign immunity by a tribe may not be implied and must be expressed

10   unequivocally.  Allen, 464 F.3d at 1047; Kescoli v. Babbitt, 101 F.3d 1304, 1310 (9th Cir. 1996).

11   Similarly, congressional abrogation of sovereign immunity may not be implied and must be

12   "unequivocally expressed" in "explicit legislation."  White v. Univ. of Cal., 765 F.3d 1010, 1023-

13   24 (9th Cir. 2014); Krystal Energy Co. v. Navajo Nation, 357 F.3d 1055, 1056 (9th Cir. 2003).

14   "Sovereign immunity involves a right which courts have no choice . . . but to recognize."  Pit

15   River, 30 F.3d at 1100.  Tribal sovereign immunity deprives a court of subject matter jurisdiction.

16   Alvarado v. Table Mt. Rancheria, 509 F.3d 1008, 1015-16 (9th Cir. 2007).

17           *Discussion*[3]

18           The Tribe appears in the Federal Register as a recognized tribe.  See 79 Fed. Reg. 4748,

19   4749 (Jan. 29, 2014).  Plaintiffs do not dispute that this is sufficient to establish the Tribe's

20   entitlement to sovereign immunity.  See Ingrassia v. Chicken Ranch Bingo & Casino, 676

21   F.Supp.2d 953, 957 (E.D. Cal. 2009).  Plaintiffs also do not dispute that the Casino, as an entity

22   owned and operated by the Tribe in accordance with 25 U.S.C. § 2701 *et seq.* and pursuant to a

23   tribal compact with California, is an arm of the Tribe that is entitled to tribal sovereign immunity.

24   See Cook, 548 F.3d at 724; Allen, 464 F.3d at 1046.  Finally, each of the FAC's allege that

25   Mathiesen and Smith acted pursuant to their authority and control over employment decisions of

26   the Tribe as Tribal Office Chairman and acting General Manager, respectively, and that Mathiesen

27

28   ─────────────────
     [3] Given the Court's resolution of Defendants' motion, it is unnecessary to address arguments other than those relating
     to sovereign immunity.

implemented discriminatory policies as the Tribal Office Chairman and employer.  Plaintiffs do not dispute that Mathiesen and Smith are entitled to sovereign immunity because they are sued in their tribal official and tribal employee capacities for conduct within the scope of their authority.  See Cook, 548 F.3d at 727; Linneen, 276 F.3d at 492.  Therefore, the Court concludes that all named Defendants are eligible for tribal sovereign immunity.

Plaintiffs contend that tribal sovereign immunity does not apply because the Defendants have waived their immunity.  Plaintiffs contend that the following language from the Casino's employment application waives tribal sovereign immunity:  "We are pleased that you are seeking employment with Chicken Ranch Casino.  Applicants are considered without regard to . . . age . . . or any factors prohibited by federal law.  We are proud to be an Equal Opportunity Employer."  Plaintiffs are incorrect.

First, the statements are in the context of an application for employment.  Each of the Plaintiffs already had an existing employment relationship that went well beyond any prior employment application.  Statements made with respect to how the Casino will consider an applicant is not sufficiently express and unequivocal to constitute a waiver for existing employees, cf. Allen, 464 F.3d at 1047; Kescoli, 101 F.3d at 1310, especially given the strong presumption against waiver.  See Demontiney, 255 F.3d at 811.

Second, and more importantly, the Ninth Circuit has addressed a nearly identical argument.  In *Allen*, the Ninth Circuit explained:

> Allen's employment application that he could be terminated "for any reason consistent with applicable state or federal law," or when it stated in the Employee Orientation Booklet that it would "practice equal opportunity employment and promotion regardless of race, religion, color, creed, national origin . . . and other categories protected by applicable federal laws."  These statements are not a "clear" waiver of immunity.  At most they might imply a willingness to submit to federal lawsuits, but waivers of tribal sovereign immunity may not be implied.

Allen, 464 F.3d at 1047.  The statements in the Casino's employment application appear to be materially the same as the statements in the *Allen* employment application and employee handbook.  Like *Allen*, the statements in the Casino's application "might imply a willingness" to submit to a suit, but they do not constitute an express unequivocal waiver of immunity.  Id.

With respect to Plaintiffs' argument that the ADEA applies to the Tribe, that argument is

1   misplaced.  "[W]hether an Indian tribe is subject to a statute and whether the tribe may be sued for

2   violating the statute are two entirely different questions." <u>Florida Paraplegic Ass'n v. Miccosukee</u>

3   <u>Tribe of Indians</u>, 166 F.3d 1126, 1130 (11th Cir. 1999). "[T]he fact that a statute applies to Indian

4   tribes does not mean that Congress abrogated tribal immunity in adopting it." <u>Bassett v.</u>

5   <u>Mashantucket Pequot Tribe</u>, 204 F.3d 343, 357 (2d Cir. 2000); <u>see also</u> <u>Bales v. Chickasaw Nation</u>

6   <u>Indus.</u>, 606 F. Supp. 2d 1299, 1308 (D.N.M. 2009); <u>cf.</u> <u>EEOC v. Karuk Tribe Housing Authority</u>,

7   260 F.3d 1071, 1075 (9th Cir. 2001) ("As a threshold matter, we first address the Tribe's

8   contention that it enjoys sovereign immunity from the EEOC's inquiry and thus from this

9   lawsuit."). Here, the ADEA does not waive a tribe's tribal sovereign immunity. <u>Tremblay v.</u>

10  <u>Mohegan Sun Casino</u>, 599 Fed. Appx. 25 (2d Cir. 2015); <u>Garcia v. Akwesasne Housing Auth.</u>,

11  268 F.3d 76, 88 (2d Cir. 2001). Since sovereign immunity precludes the exercise of subject matter

12  jurisdiction in this case, the Court "need not address Plaintiffs' argument that the ADEA applies to

13  the Tribe." <u>Colmar v. Jackson Band of Miwuk Indians</u>, 2011 U.S. Dist. LEXIS 62832, *14 n.4

14  (E.D. Cal. June 13, 2011).

15          Plaintiffs' reliance on *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113 (9th Cir.

16  1985) and *EEOC v. Forest Cnty Potawatomi Cmty*, 2014 WL 1795137 (E.D. Wis. 2014) is

17  misplaced. Those cases were brought against a tribe or tribal entity by the federal government.

18  Tribal sovereign immunity does not apply to suits brought by the federal government. <u>Karuk</u>

19  <u>Tribe</u>, 260 F.3d at 1075; <u>Quileute Indian Tribe v. Babbitt</u>, 18 F.3d 1456, 1459-60 (9th Cir. 1994).

20

21                                  **<u>CONCLUSION</u>**

22          Defendants move to dismiss all of the complaints on the basis of tribal sovereign

23  immunity. Defendants have established that they may invoke tribal immunity, and Plaintiffs have

24  failed to show either a waiver or abrogation of tribal sovereign immunity. Therefore, Defendants

25  are entitled to tribal sovereign immunity. <u>See</u> <u>Garcia</u>, 268 F.3d at 88; <u>Colmar</u>, 2011 U.S. Dist.

26  LEXIS 62832 at *14. The Court is deprived of subject matter jurisdiction, and must dismiss this

27  case. <u>See</u> <u>Alvarado</u>, 509 F.3d at 1015-16; <u>Pit River</u>, 30 F.3d at 1100.

28

1

**ORDER**

2          Accordingly, IT IS HEREBY ORDERED that:

3     1.   Defendants' Rule 12(b)(1) motions to dismiss are GRANTED;

4     2.   The First Amended Complaint in each of the Plaintiffs' respective cases are DISMISSED

5          without leave to amend; and

6     3.   The Clerk shall close the following cases:  1:14cv818 AWI SMS, 1:14cv819 AWI SMS,

7          1:14cv820 AWI SMS, 1:14cv821 AWI SMS, and 1:14cv822 AWI SMS.

8

9     IT IS SO ORDERED.

10    Dated:   June 9, 2015                 _____

11                                        SENIOR  DISTRICT  JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28